## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF VIRGINIA
### NEWPORT NEWS DIVISION

**DONALD L. SINCLAIR,**

      **Plaintiff,**

**v.**                                      **Civil Action No.: 4:05cv2**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## ORDER AND OPINION

The plaintiff brought this action under 42 U.S.C. § 405(g) seeking judicial review of the decision of the Commissioner of Social Security ("Commissioner") denying his claim for disability insurance benefits under Title II of the Social Security Act ("SSA").  Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (c), Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, and by Order of Reference dated July 11, 2005, this matter was referred to United States Magistrate Judge Stillman for a Report and Recommendation.

The Report and Recommendation of the Magistrate Judge ("Report"), filed on December 6, 2006,  finds that the Administrative Law Judge's ("ALJ") June 27, 2003 determination that the plaintiff is not considered disabled under the SSA regulations and is capable of performing work that exists in significant numbers in the national economy, is supported by substantial evidence. Accordingly, Magistrate Judge Stillman recommended that the final decision of the Commissioner be affirmed.

The factual and procedural backgrounds of this case are fully set forth in the Magistrate

Judge's Report, and therefore need not be reiterated herein.  By copy of the Report and

Recommendation, each party was advised of the right to file written objections to the findings

and recommendations made by the Magistrate Judge within 10 days from the date the Report was

mailed.  On December 19, 2006, the plaintiff filed several objections to the Report and

Recommendation.  First, the plaintiff objected to the Magistrate Judge's finding that the ALJ was

correct in determining that, because the plaintiff could perform one job that existed in the

national economy, he was not disabled.  Further, the plaintiff objected to the determination that

the finding of the ALJ that the plaintiff could perform the job of surveillance systems monitor

was supported by substantial evidence.  Secondly, the plaintiff objected to the Magistrate Judge's

finding that the ALJ's determination to reject the opinions of the plaintiff's treating physicians

was based on substantial evidence.  Thirdly, the plaintiff objected to the Magistrate Judge's

holding that the ALJ's determination of the lack of credibility of the plaintiff's subjective

complaints of pain was supported by substantial evidence.  Finally, the plaintiff objected to the

fact that the Magistrate Judge failed to note that the ALJ had made no reference to the plaintiff's

receipt of worker's compensation benefits.  On December 28, 2006, the defendant filed a

response to the plaintiff's objections.

While reviewing a magistrate judge's Report, the district judge makes a de novo

determination of those portions of the Report to which objections are made.  Fed. R. Civ. P.

72(b); 28 U.S.C. § 636(b)(1)(C).  In addition, the district court is authorized to accept, reject or

modify, in whole or in part, the findings and recommendations made by the magistrate judge.

Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C).  As the Magistrate Judge properly noted, the

scope of judicial review of a decision made by the Commissioner of the Social Security

Administration is limited, and the Commissioner's findings will not be disturbed provided they

are supported by substantial evidence and in accord with the controlling law. Craig v. Chater, 76

F.3d 585, 589 (4th Cir. 1996); Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992). Substantial

evidence is that "which a reasonable mind might accept as adequate to support a conclusion." Id.

(citations omitted). Substantial evidence consists of "more than a mere scintilla of evidence but

may be somewhat less than a preponderance." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir.

1984) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

**A. Objection as to Proposed Occupation**

The plaintiff's first objection concerns the ALJ's determination that, based on the

testimony of a vocational expert, the plaintiff is able to perform the job of surveillance systems

monitor, and therefore is not disabled. The plaintiff argues that the ALJ committed error in

determining that there existed only one job or occupation suitable for the plaintiff. Citing Social

Security Ruling 83-14, the plaintiff notes that the ALJ was required to include "citations of

examples of occupations/jobs" that a disability claimant could do.[1] Although the vocational

expert at the hearing testified as to two jobs that the plaintiff could perform, the ALJ expressly

rejected consideration of the plaintiff's ability to perform the job of order clerk. Therefore, the

ALJ concluded that the plaintiff could perform the job of surveillance systems monitor.

Although Ruling 83-14 might at first glance appear to require the ALJ to list more than one job

---

[1]In pertinent part, Social Security Ruling 83-14 provides that "[w]henever a vocational resource is used and an individual is found not disabled, the determination or decision will include citations of examples of occupations/jobs the person can do functionally and vocationally." SSR 83-14, 1983 WL 31254, at *6.

that a disability claimant can perform, such a requirement is belied by the statutory definition of

"disability."  Per 42 U.S.C. § 423(d)(1)(A), a disability is defined as the "inability to engage in

any substantial gainful activity by reason of any medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or can be expected to

last for a continuous period of not less than 12 months."  Further, "[a]n individual shall be

determined to be under a disability only if his physical or mental impairments are of such severity

that he is not only unable to do his previous work but cannot, considering his age, education, and

work experience, engage in any other kind of substantial gainful work which exists in the

national economy . . . ."  42 U.S.C. § 423(d)(2)(A).  These statutes and others indicate that a

disability claimant cannot be considered disabled if there is any substantial gainful employment

that exists in the national economy.  See also 20 C.F.R. § 404.1520(g) (informing claimants that

their impairment(s) must prevent them "from making an adjustment to any other work").  To

read Social Security Ruling 83-14 as requiring that an individual be found disabled even if he can

perform a job that exists in significant numbers would fly in the face of the statutory language.

Therefore, the Magistrate Judge acted properly in upholding the ALJ's ruling on this issue.

The plaintiff also objects to the determination by the ALJ that the job of surveillance

systems monitor is suitable for him, as it would not permit unscheduled breaks at the choice of

the operator.  The plaintiff notes that the vocational expert testified that the job of surveillance

systems monitor would not permit unscheduled breaks at the choice of the operator.  However, as

the Report indicates, the ALJ specifically determined that such a limitation did not apply to the

plaintiff.  Although Dr. Sutton, one of the plaintiff's treating physicians, testified that the

plaintiff's pain would prevent him from sitting more than two hours or standing/walking for

more than thirty minutes, it is clear that the ALJ did not find that opinion credible.  As indicated

below, the ALJ is entitled to make a credibility determination as to the opinions of treating

physicians.  The plaintiff's objection is essentially limited to the conclusory assertion that he "has

the ability to work on an intermittent basis only."  Plaintiff's Objection to the United States

Magistrate's Report and Recommendation, at 3.  Therefore, given the determination made by the

ALJ that the plaintiff was not limited to jobs from which he could take unscheduled breaks, the

Magistrate Judge acted properly, as there was substantial evidence to support the ALJ's

determination.

**B.  Objection as to Weight Given to Opinions of Treating Physicians**

The plaintiff's second objection is to the fact that the Magistrate Judge upheld the ALJ's

decision which lent little credibility to the opinion of the plaintiff's treating physicians.

Specifically, the plaintiff argues that neither the ALJ nor the Magistrate Judge gave proper

weight and consideration to the opinions of these consulting physicians–Drs. Freund, Sutton, and

Cypress–as required by the Fourth Circuit in Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir.

1987).  This "treating physician" rule, however, has been superseded by statute.  See 20 C.F.R. §

416.927(d)(2) (providing that a treating physician's opinion is entitled to controlling weight only

if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and

is not inconsistent with the other substantial evidence in [the] record").  It appears to the court,

then, that the ALJ did not give controlling weight to the opinion of the consulting physicians

because most of the limitations identified by them were based on the plaintiff's pain complaints,

which the ALJ found to be less than credible.  A plaintiff's subjective allegations of pain, in and

of themselves, cannot support a finding of disability.  42 U.S.C. § 423(d)(5)(A); 20 C.F.R. §§

404.1529, 416.929.

With respect to the opinion of Dr. Ronald K. Freund, a hand and orthopaedic surgeon

who treated the plaintiff from October 1995 until October 1997 and performed surgery on the

plaintiff's wrists in June, November, and December of 1996, the record indicates that the ALJ

did incorporate Dr. Freund's impairment rating of twenty percent into the ultimate finding that

the plaintiff retained the ability to perform a limited range of sedentary work.  It appears from the

record that Dr. Freund did not express an opinion as to the plaintiff's disability or ability to work.

Therefore, to the extent that the plaintiff argues that Dr. Freund's opinion was not given due

weight, that argument is belied by the record.  This court finds that the ALJ's determination of

the weight given to Dr. Freund's opinion was based on substantial evidence and a correct

application of relevant law.

With respect to the opinion of Dr. Stanley D. Cypress, a physician who treated the

plaintiff from August 1986 to June 1998, the Report indicates that the ALJ did not afford it

significant weight because the opinion, expressed in the form of a doctor's note, was unsupported

by any explanation or justification, contained no specific vocational limitations, and was not

supported by Dr. Cypress's records.  The Fourth Circuit has held that the ALJ has the discretion

to afford less weight to a treating physician's opinion when it is not supported by clinical

evidence or is inconsistent with other evidence in the record.  Craig v. Chater, 76 F.3d 585, 590

(4th Cir. 1996).  In this instance, Dr. Cypress's opinion that the plaintiff was totally incapacitated

was against the weight of the record, and was unsupported by even Dr. Cypress's own records.

Therefore, the ALJ had substantial evidence to discount the opinion of Dr. Cypress, and the

Magistrate Judge acted properly in upholding this.

The plaintiff further alleges that the Magistrate Judge and the ALJ failed to give proper weight to the opinion of Dr. Thadius Sutton, who took over as the plaintiff's treating physician on or about March 8, 2000.  In support of this allegation, the plaintiff cites the case of Cotton v. Bowen, 799 F.2d 1043, 1047 (9th Cir. 1986) for the proposition "that it is improper as a matter of law to discredit testimony [of a treating physician] solely on the ground that it is not fully corroborated by objective medical findings."  Id. (emphasis in original).  However, as the Magistrate Judge noted in the Report, this case has been overruled by statute.  See Report at 30 n.33; 20 C.F.R. § 404.1527(e) (noting that no special significance will be given to opinions from medical sources on issues reserved to the Commissioner).  Because the ALJ determined that Dr. Sutton's opinion was a close parallel of the plaintiff's subjective complaints, and was unsupported by any objective findings, the ALJ gave little weight to Dr. Sutton's opinion. Therefore, substantial evidence supports the ALJ's findings with regard to the deference given to the opinions of the plaintiff's treating physicians.  Contrary to the plaintiff's objections, neither the ALJ nor the Magistrate Judge mistakenly disregarded their reports.

**C.  Objection as to Weight Given to Plaintiff's Own Testimony**

The plaintiff also objects to the fact that the ALJ gave little significance to his own subjective complaints of pain.  Specifically, the plaintiff asserts that, because he has a good work history, his testimony is entitled to great weight.  The plaintiff's twenty-one years of employment at Newport News Shipbuilding, he argues, are evidence of a good work history.  It appears to the court, however, that the ALJ properly considered the evidence presented by the plaintiff and gave it the weight that the ALJ deemed appropriate.  The ALJ determined there was a lack of objective findings that would support the degree of pain alleged by the plaintiff, and that the plaintiff's

allegations were, thus, not entitled to significant weight.  See Mickles v. Shalala, 29 F.3d 918

(4th Cir. 1994).  A plaintiff's subjective allegations of pain, in and of themselves, cannot support

a finding of disability.  42 U.S.C. § 423(d)(5)(A); 20 C.F.R. §§ 404.1529, 416.929.  And indeed,

"[t]he ALJ is required to make credibility determinations - and therefore sometimes must make

negative determinations - about allegations of pain or other nonexertional disabilities."

Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir. 1985).  Therefore, the degree of significance

given to the plaintiff's own testimony by the ALJ was based on a proper application of the law.

In support of his argument that a claimant with a good work history is entitled to have

great weight accorded his testimony, the plaintiff cites an unpublished 2003 opinion from this

court, Brown v. Barnhart.  The plaintiff, however, failed to attach a courtesy copy of this

decision, and the decisions appears to be unavailable on both Westlaw and LexisNexis.  The

Report cites this court's decision in Nanny v. Mathews, 423 F.Supp. 548, 551 (E.D. Va. 1976),

which had been cited by the plaintiff in support of this same proposition.  Although Nanny stands

for the proposition that "[a] person with such a strong work record should be afforded substantial

credibility as a witness to her own work capabilities," id., the plaintiff has, beyond his own claim,

failed to proffer evidence that he has such an exemplary work record.  Although he states that he

worked for twenty-one years for Newport News Shipbuilding, there is nothing in the record to

support this claim, and, as the Report makes clear, the ALJ clearly considered the fact that the

plaintiff had not worked since the date of his injury, October 15, 1995.  On decisions of

credibility, authority is reserved to the ALJ alone.  See, e.g., Hays v. Sullivan, 907 F.2d 1453,

1456 (4th Cir. 1990).  Therefore, it is clear that the ALJ applied the appropriate legal standard,

and his decision was based on substantial evidence.

**D. Objection as to Weight Given to Worker's Compensation Status**

Finally, the plaintiff objects to the fact that the ALJ made no reference to the status of the plaintiff as permanently and totally disabled under worker's compensation laws. The plaintiff argues that, although not binding on the Social Security Administration, the finding of another agency that the plaintiff was disabled is entitled to great weight. The plaintiff cites the Fourth Circuit's decision of <u>Myers v. Califano</u>, 611 F.2d 980, 983 (4th Cir. 1987), in support of this assertion. However, that case simply indicates that the Secretary should consider all of the relevant evidence and explicitly indicate the weight given. <u>Id.</u> In an unpublished opinion, the Fourth Circuit held that the ALJ's decision not to consider that the claimant was awarded worker's compensation benefits by the state agency was appropriate given the differing standards of proof of disability. <u>Yost v. Barnhart</u>, 79 Fed. Appx 553, 556 (4th Cir. 2003) (unpublished). <u>Accord</u> <u>Hamilton v. Gardner</u>, 265 F.Supp. 640, 645-46 (S.D. W.Va. 1967). In this case, there is little in the record to even indicate that the ALJ was presented with evidence that the plaintiff had been determined completely and permanently disabled for worker's compensation purposes. Although there is an exhibit indicating that the plaintiff's worker's compensation ceased on December 28, 2003, this was submitted to the Social Security Administration on January 12, 2004, well past the date of the plaintiff's hearing on the matter. The transcript from the hearing indicates that the ALJ questioned the plaintiff as to his income, and he indicated he was receiving worker's compensation, but no further testimony was evinced as to a determination that the plaintiff had been declared permanently and totally disabled. Therefore, the ALJ's decision to give no weight to the determination that the plaintiff was disabled under worker's compensation law was based on a correct application of applicable law, and was based on substantial evidence.

The court has thoroughly reviewed the Report and Recommendation of the Magistrate Judge and the plaintiff's objections thereto, as well as the record submitted to the Magistrate Judge, and the memoranda in support of and in opposition to the motions for summary judgment. Upon conducting a <u>de novo</u> review of the entire record, including the portions of the Report to which the plaintiff objects, the court finds, for the reasons stated in the Report and Recommendation, that there is substantial evidence in the administrative record to support the Commissioner's decision denying the plaintiff's request for disability insurance benefits, and that the legal conclusions constitute a correct application of the controlling laws. <u>See</u> 42 U.S.C. § 405(g); <u>Chater</u>, 76 F.3d at 589. Therefore, the Report and Recommendation is **ACCEPTED** in its entirety and it is hereby **ORDERED** that the final decision of the Commissioner is **AFFIRMED**. As a result, the plaintiff's Motion for Summary Judgment is **DENIED**, and the defendant's Motion for Summary Judgment is **GRANTED**.

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/
_____
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
February 8, 2007